**JACKSON LEWIS P.C.**
Jonathan R. Cavalier (PA No. 206063)
Morgan D. Hollander (PA No. 328938)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319- 7802
jonathan.cavalier@jacksonlewis.com
morgan.hollander@jacksonlewis.com

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODNEY PHATH,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL TRANSPORT LLC,<br><br>Defendant. | : <br> : <br> : Civil Action No. 2:24-cv-00681-JP <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## DEFENDANT CENTRAL TRANSPORT LLC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

## PRELIMINARY STATEMENT

This matter arises out of Plaintiff Rodney Phath's ("Plaintiff") application for employment with Defendant Central Transport LLC ("Defendant" or "Central Transport"). This is a simple and straightforward case. Plaintiff filed a single-count complaint against Defendant alleging that Defendant's decision not to hire him violated the Pennsylvania Criminal History Record Information Act ("CHRIA"). *See generally* ECF Doc. No. 7, First Amended Complaint ("FAC"). However, Plaintiff has failed to plead facts sufficient to show that Defendant decline to hire Plaintiff based on his "criminal history record information file" as defined by CHRIA. Quite the opposite, Plaintiff alleges that Defendant did not hire him because Plaintiff voluntarily disclosed his past criminal conviction during his interview for employment. *See* FAC ¶¶ 13-14. CHRIA does not prohibit Defendant's conduct under these circumstances. For these reasons, as discussed in more detail below, Plaintiff's FAC should be dismissed, with prejudice, for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

## FACTUAL BACKGROUND[1]

Plaintiff applied for employment with Defendant as a Truck Driver at Central Transport's Hatfield, Pennsylvania facility in or around December 2023. *See* FAC ¶ 7. During the interview process, Defendant advised Plaintiff that it would order a criminal background report on Plaintiff. *Id.* ¶ 12. In response, Plaintiff voluntarily disclosed to Defendant that he was convicted of armed robbery in 2008, for which he was incarcerated for six years. *Id.* ¶ 13. Immediately following Plaintiff's disclosure of his armed robbery conviction, Defendant informed Plaintiff that it would not be hiring him for employment. *Id.* ¶ 14.

---

[1] For purposes of this Motion only, Defendant assumes that the factual allegations set forth in Plaintiff's Complaint are true and accurate.

## ARGUMENT

### I.    Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must dismiss a complaint if the pleading "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which "must be supported by factual allegations." *Iqbal*, 556 U.S. at 678-79. Therefore, dismissal is appropriate if, accepting all of the factual allegations in the complaint as true, the plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 558, 570 ("[W]hen the allegations in a complaint, however true, c[an] not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.") (internal citations, quotations, and alterations omitted).

### II.    Plaintiff's FAC Does Not Plausibly Allege that Defendant Violated the Pennsylvania Criminal History Record Information Act.

Plaintiff's claim against Defendant must be dismissed as a matter of law because CHRIA's protections simply do not apply to him. CHRIA provides that "[w]henever an employer is in receipt of information which is part of an employment applicant's criminal history record information file . . . [f]elony and misdemeanor convictions may be considered by the employer only to the extent to which they relate to the applicant's suitability for employment in the position for which he has applied." 18 Pa. C.S. § 9125(a). "By its terms, CHRIA applies *only* to employers who are 'in receipt' of an applicant's 'criminal history record information file.'" *Azadpour v. AMCS Grp., Inc.*, 2020 U.S. Dist. LEXIS 18692, *11 (E.D. Pa. Feb. 5, 2020) (quoting 18 Pa. C.S. § 9125(a))

(emphasis added). Under CHRIA, "criminal history record information" is defined as "[i]nformation collected by criminal justice agencies concerning individuals, and arising from the initiation of a criminal proceeding, consisting of identifiable descriptions, dates and notations of arrests, indictments, informations or other formal criminal charges and any dispositions arising therefrom." 18 Pa. C.S. § 9102. To the contrary, "[i]nformation collected by noncriminal justice agencies . . . ***shall not*** be considered criminal history record information" under CHRIA. *Id.* § 9104(e) (emphasis added). "In other words, an employer is not subject to liability under CHRIA when it learns of an applicant's past criminal history through means other than 'criminal history record information.'" *Azadpour*, 2020 U.S. Dist. LEXIS 18692 at \*11; *see also Court v. Loews Phila. Hotel, Inc.*, 2017 U.S. Dist. LEXIS 19720, \*6 (E.D. Pa. Feb. 13, 2007) ("CHRIA does not shield an applicant's prior misconduct from an employer's hiring determination when the employer learns about the misconduct through a means other than the applicant's criminal record information file.").

Here, Plaintiff contends that after he disclosed to Defendant that he was convicted of armed robbery in 2008, Defendant impermissibly relied on that information in deciding not to hire him. *See* FAC ¶¶ 13-17. Plaintiff does not, however, assert any allegations that suggest Defendant learned of Plaintiff's criminal history from information collected by criminal justice agencies, or that Defendant ever ran a criminal background report on Plaintiff. By contrast, Plaintiff actually admits in the FAC that ***he*** was the source of the criminal history information provided to Defendant that influenced Defendant's hiring decision. *See* FAC ¶¶ 13-14. This is fatal to his claim. *See Foxworth v. Pa. State* Police, 228 Fed. Appx. 151, 155 (3d Cir. 2007) (explaining that CHRIA does not prohibit employers from considering an applicant's criminal history when the applicant disclosed the information himself on his employment application).

## CONCLUSION

The purpose of Rule 12(b)(6) is to "screen out cases where a complaint states a claim upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly granted." *Port Authority of N.Y. & N.J. v. Arcadian Corp.*, 189 F.3d 305, 312 (3d Cir. 1999). Plaintiff has failed to show he is entitled to relief under CHRIA because the FAC does not contain any facts that suggest Defendant acted on "criminal history record information" as defined under CHRIA when declining to hire Plaintiff for employment. To the contrary, Plaintiff unambiguously alleges in the FAC that Defendant relied on Plaintiff's voluntarily disclosure of his criminal history when making its decision not to hire him. Accordingly, Defendant respectfully requests that the Court dismiss Plaintiff's FAC in its entirety, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Jonathan R. Cavalier*
Jonathan R. Cavalier (PA No. 206063)
Morgan D. Hollander (PA No. 328938)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319- 7802
jonathan.cavalier@jacksonlewis.com
morgan.hollander@jacksonlewis.com

*Attorneys for Defendant*

Dated: August 19, 2024

4868-5666-2489, v. 1

4