IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODNEY PHATH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CENTRAL TRANSPORT<br>NORTH AMERICA, INC.,<br><br>　　　　Defendant. | CASE NO.<br><br>2:24-cv-00681-JP |

**PLAINTIFF'S BRIEF IN OPPOSITION OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
<u>PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

**I.   STATEMENT OF FACTS**

In or about December 2023, Plaintiff Rodney Phath applied to work for Defendant Central Transport North America, Inc. as a Truck Driver.  (Doc. 7, First Amended Complaint at ¶ 7.)  Mr. Phath was well qualified for the position.  *Id.* at ¶ 8.  Mr. Phath also has a criminal background; notably, Plaintiff's convictions were, at the time, approximately fifteen (15) years old.  *Id.* at ¶ 10.  Mr. Phath's criminal background does not relate to his suitability for employment with Central Transport as a Truck Driver.  *Id.* at ¶ 11.

During the interview and hiring process with Central Transport, Mr. Phath was advised that the company would order a criminal background report.  *Id.* at ¶ 12.  13. At that time, Mr. Phath disclosed that he was convicted of armed robbery in 2008, for which he served six years in confinement and has had a clean record since.  *Id.* at ¶ 13.  Following this disclosure, Mr. Phath was immediately told that he would be denied employment on the basis of his criminal history.

*Id.* at ¶ 14. Central Transport did not conduct any individualized assessment of Mr. Phath's suitability for employment, and it did not request any additional information to review the job relatedness of Mr. Phath's criminal record. *Id.* at ¶ 15.

## II.  LEGAL STANDARD

"When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff." *Rice v. Electrolux Home Prod., Inc.*, No. 4:15-cv-00371, 2015 U.S. Dist. LEXIS 97902, at *6-7 (M.D. Pa. July 28, 2015) (citing *Hishon v. King & Spaulding,* 467 U.S. 69, 73 (1984) and *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993)). "At the motion to dismiss stage, the court considers whether the plaintiff is entitled to offer evidence to support its allegations." *Id.* at *7 (citing *Maio v. Aetna, Inc.,* 221 F.3d 472, 482 (3d Cir. 2000)).

"A complaint should only be dismissed if, accepting as true all of the allegations in the amended complaint, the plaintiff has not pled enough facts to state a claim to relief that is plausible on its face." *Id.* (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 561 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

## III.  ARGUMENT

Defendant argues that Mr. Phath's First Amended Complaint should be dismissed because Defendant did not learn of Mr. Phath's felony conviction by way of his Criminal History Report. However, in a case decided subsequent to those cited by Defendant, the Court closely examined the Criminal History Records Information Act and held that, "looking at the plain language of all three sections of § 9125, and reading them together, there is no reasonable basis upon which the

statute can be construed to only apply to employers who receive information by particular means. There is nothing in the statute's plain language that could justify reading such a limitation into it." *Guzzo v. Allen Distribution*, 479 F. Supp. 3d 91, 95 (M.D. Pa. 2020).

In *Guzzo*, similar to the case currently before this Court, the defendant argued that it learned of plaintiff's conviction through a means other than his background check. *Id.* at 94. ("Here, Plaintiff alleges that Defendant violated § 9125 by rejecting him based on a prior, irrelevant conviction and failing to notify him of this in writing. Defendant argues that § 9125 only applies if the Defendant learned of prior offenses through a background check and that Defendant learned of Plaintiff's past convictions through his job application.")

Judge Rambo carefully analyzed the language of § 9125, and determined that,

> In examining § 9125's plain language, the court concludes that the statute applies to applicable employers regardless of how they receive the information at issue.
>
> A grammatically-correct reading of § 9125 (a) breaks it down into three segments: (1) "[w]henever an employer is in receipt of information"; (2) "which is part of an employment applicant's criminal history record information file"; (3) "it may use that information for the purpose of deciding whether or not to hire the applicant, only in accordance with this section." The first segment designates the triggering event—an employer coming into possession of some type of information while considering a job applicant. This section's use of the passive voice demonstrates that there is no particular agent who must confer the information upon the employer. This leaves the operative question being whether the employer has come into possession of the information at issue.
>
> The second segment is an adjective phrase modifying the type of information at issue. Only information that could be found in an applicant's "criminal history record information file" must be considered in the manner specified by this statute.

*Id.* at 94-95.

After carefully analyzing the language of Section 9125, Judge Rambo discussed the purpose of CHRIA, finding that, "A thorough review of the secondary sources and Pennsylvania

3

case law discussing § 9125 make clear that its underlying purpose is to promote gainful employment by ex-convicts, decreasing the likelihood of recidivism, while nonetheless permitting employers to reject ex-convict applicants when there is a rational basis for doing so." *Id.* at 97. Judge Rambo then held that, "With these goals in mind, it is clear that Defendant's interpretation would undermine the purpose of § 9125. Under Defendant's interpretation, employers could potentially reserve their right to reject all ex-convicts by avoiding performing background checks and instead compelling applicants to disclose their criminal histories. This would decrease the number of jobs available to ex-convicts not due to any rational connection between the applicant's past conviction and the job, but instead based purely on stigma towards ex-convicts. This would directly clash with § 9125's goals." *Id.* at 98.

Plaintiff submits that the *Guzzo* court's holding is more consistent with the plain reading of the statute as well as the legislative intent behind CHRIA than the holdings cited by Defendant, particularly the holding in *Azadpour v. AMCS Grp., Inc.*, No. 19-1968, 2020 U.S. Dist. LEXIS 18692, (E.D. Pa. Feb. 5, 2020). The *Azadpour* decision, in order to reach its conclusion, *excised* language from the statute, stating, "By its terms, CHRIA applies only to employers who are 'in receipt' of an applicant's 'criminal history record information file'." *Id.* at *11. The plain language of the statute itself, however, applies to employers who are "in receipt of information *which is part of* an employment applicant's criminal history record information file." 18 Pa.C.S. § 9125(a) (emphasis added). *Azadpour's* analysis would, as Judge Rambo predicted, undermine CHRIA and render its protections bootless: an employer need only require applicants to self-disclose their

4

criminal history and that employer could then use the information however it saw fit, without concern for CHRIA.[1].

Because the holding in *Guzzo* is more consistent with the plain language and intent of CHRIA, Plaintiff urges this Court to adopt the holding in *Guzzo*. In this case, Defendant learned of Mr. Phath's criminal history directly from Mr. Phath, but still used that information improperly to deny him employment. As in *Guzzo*, the source of Defendant's knowledge should not be at issue. Rather, Defendant (1) was in receipt of information (that being Mr. Phath's criminal history), (2) which was part of Mr. Phath's criminal history record information file, and (3) used that information for the purpose of deciding whether or not to hire Mr. Phath. As confirmed by the plain language of the statute and the court's holding in *Guzzo*, whether Defendant learned of Mr. Phath's criminal background through a criminal history report, an application, or verbally from Mr. Phath, is of no importance. Defendant's actions were in violation of the plain reading of CHRIA because Defendant used this information improperly, and therefore, Plaintiff's First Amended Complaint should not be dismissed.

## IV.   CONCLUSION

For the reasons discussed herein, the Court should overrule Defendant's motion, and allow Plaintiff to proceed with his failure to hire claim.

---

[1] In fact, the decision of *Azadpour* goes further and opens the door to allow employers to evade the requirements of CHRIA simply by obtaining an applicant's criminal history record information from a source other than a criminal justice agency – like a background check company. The holding of *Azadpour* effectively erased the employment protections of CHRIA, 18 Pa.C.S. § 9125, by making them only applicable to employers who acquire an applicant's complete criminal history record information file from a law enforcement agency.

<table>
<tr><td></td><td>Respectfully submitted,<br>**Weisberg Cummings, P.C.**</td></tr>
<tr><td>August 22, 2024<br>Date</td><td>*/s/ Larry A. Weisberg*<br>Larry A. Weisberg (PA Bar # 83410)<br>lweisberg@weisbergcummings.com<br><br>2704 Commerce Drive, Suite B<br>Harrisburg, PA 17110<br>(717) 238-5707<br>(717) 233-8133 (FAX)<br><br>*Attorney for Plaintiff*</td></tr>
</table>

6

## CERTIFICATE OF SERVICE

I, Larry A. Weisberg, hereby certify that a true and correct copy of the forgoing Plaintiff's Brief has been filed electronically, and is available for viewing and downloading from the Electronic Case Filing (ECF) System maintained by the United States District Court for the Eastern District of Pennsylvania, transmission of which constitutes service of the filed document(s).

**Weisberg Cummings, P.C.**

August 22, 2024  
Date

*/s/ Larry A. Weisberg*  
Larry A. Weisberg