IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODNEY PHATH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CENTRAL TRANSPORT LLC | : | NO. 24-0681 |

**MEMORANDUM**

Padova, J.                                                                                                       December 23, 2024

Plaintiff has brought this lawsuit against Central Transport LLC for violation of the Pennsylvania Criminal History Records Information Act, 18 Pa. Cons. Stat. § 9101 et seq. ("CHRIA"), because Central Transport denied his application for employment after it learned that he had a previous criminal conviction. Central Transport has moved to dismiss the First Amended Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that CHRIA does not apply to the facts alleged in the Complaint. We held argument on the Motion on December 2, 2024. For the reasons that follow, we grant the Motion.

**I.      BACKGROUND**

The Complaint alleges the following facts. Plaintiff applied for a job as a truck driver with Central Transport in December 2023. (Am. Compl. ¶ 7.) He was qualified for the position as he had a valid Commercial Driver's License, experience as a truck driver, and a Transportation Worker Identification Credential. (Id. ¶ 8.) Central Transport constantly advertises for truck drivers. (Id. ¶ 9.) At the time he applied for the job with Central Transport, Plaintiff had a 15-year-old criminal conviction. (Id. ¶ 10.) His criminal background does not relate to his suitability to be a truck driver with Central Transport. (Id. ¶ 11.) Plaintiff was told during his interview that Central Transport would order a criminal background report. (Id. ¶ 12.) Plaintiff then told his interviewer that he had been convicted of armed robbery in 2008, served 6 years, and has had a

clean record since that time. (Id. ¶ 13.) Plaintiff was immediately told that he would not be hired based on his criminal history. (Id. ¶ 14.) Central Transport did not notify Plaintiff in writing that it based its decision not to hire him on his criminal conviction. (Id. ¶ 16.)

The Complaint asserts one claim against Central Transport for violation of CHRIA by basing its decision not to hire Plaintiff based on his criminal history and by failing to notify him in writing that its decision not to hire him was based on his criminal history. Plaintiff seeks all damages available under Section 9125 of CHRIA, including actual damages, exemplary and punitive damages, costs of litigation, and attorney's fees.

## II.   LEGAL STANDARD

When deciding a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon [those] documents." Alpizar-Fallas v. Favero, 908 F.3d 910, 914 (3d Cir. 2018) (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)). "A complaint is properly dismissed for failing to state a claim 'if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility.'" Talley v. Pillai, 116 F.4th 200, 206 (3d Cir. 2024) (quoting Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011)). "[W]e need not 'accept as true a legal conclusion couched as a factual allegation.'" Host Int'l, Inc. v. MarketPlace PHL, LLC, 32 F.4th 242, 248 (3d Cir. 2022) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (citation omitted).

A plaintiff's pleading obligation is to set forth "'a short and plain statement of the claim,'" which "'give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (first

quoting Fed. R. Civ. P. 8(a)(2); then quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint must allege "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Under this standard, a complaint need not plead all of the facts necessary to prove each element of the plaintiff's claims; "it need only allege enough facts to 'raise a reasonable expectation that discovery will reveal evidence of [each] necessary element.'" Martinez v. UPMC Susquehanna, 986 F.3d 261, 266 (3d Cir. 2021) (alteration in original) (quoting Fowler, 578 F.3d at 213). In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Geness v. Admin. Off. of Pa. Cts., 974 F.3d 263, 269 (3d Cir. 2020) (quoting Twombly, 550 U.S. at 555).

**III.   DISCUSSION**

    A.   The Statute

CHRIA provides in relevant part as follows:

> (a) General rule.--Whenever an employer is in receipt of information which is part of an employment applicant's criminal history record information file, it may use that information for the purpose of deciding whether or not to hire the applicant, only in accordance with this section.
>
> (b) Use of information.--Felony and misdemeanor convictions may be considered by the employer only to the extent to which they relate to the applicant's suitability for employment in the position for which he has applied.
>
> (c) Notice.--The employer shall notify in writing the applicant if the decision not to hire the applicant is based in whole or in part on criminal history record information.

18 Pa. Cons. Stat. § 9125.  CHRIA defines "criminal history record information" as follows:

> Information collected by criminal justice agencies concerning individuals, and arising from the initiation of a criminal proceeding, consisting of identifiable descriptions, dates and notations of arrests, indictments, informations or other formal criminal charges and any dispositions arising therefrom. The term does not include intelligence information, investigative information or treatment information, including medical and psychological information, or information and records specified in section 9104 (relating to scope).

18 Pa. Cons. Stat. Ann. § 9102.  CHRIA does not apply to certain police press releases, court documents, and information collected by noncriminal justice agencies and individuals from those sources.  18 Pa. Cons. Stat. § 9104.

  B. <u>The Motion to Dismiss</u>

Central Transport argues that the Complaint should be dismissed pursuant to Rule 12(b)(6) because it does not allege facts showing that it violated CHRIA by making the decision not to hire Plaintiff based on Plaintiff's "criminal history record information file."  Specifically, Central Transport states that the Complaint alleges that it denied Plaintiff employment based on his voluntary disclosure of his criminal conviction.

The Complaint alleges that Plaintiff voluntarily told his interviewer about his criminal conviction after he was told that Central Transport would order a criminal background report. (Am. Compl. ¶ 12.)  Central Transport contends that denial of employment under these circumstances does not violate CHRIA.  Central Transport relies on <u>Azadpour v. AMCS Group, Inc.</u>, Civ. A. No. 19-1968, 2020 WL 564755 (E.D. Pa. Feb. 5, 2020), in which the court dismissed a claim for violation of CHRIA where the employer denied employment to the plaintiff based on information regarding the plaintiff's criminal history that the employer found through an internet search.  <u>Id.</u> at *4.  The <u>Azadpour</u> Court determined that CHRIA only applies "to employers who are 'in receipt' of an applicant's 'criminal history record information file.'"  <u>Id.</u>  The <u>Azadpour</u>

Court concluded that "an employer is not subject to liability under CHRIA when it learns of an applicant's past criminal history through means other than 'criminal history record information.'" Id. The Azadpour Court dismissed the plaintiff's CHRIA claim because the complaint's allegation that the employer learned about the plaintiff's prior conviction through an internet search engine was not "sufficient to show that [the employer] learned of [plaintiff's] criminal history from 'information collected by criminal justice agencies' or that the information contained 'identifiable descriptions, dates, and notations of arrests, indictments, informations, or other formal criminal charges.'" Id.

Central Transport also relies on Court v. Loews Philadelphia Hotel, Inc., Civ. A. No. 16-4848, 2017 WL 569522 (E.D. Pa. Feb. 13, 2017), in which the plaintiff claimed that the defendants, a hotel and a gym housed in the hotel, were negligent for failing to conduct a pre-employment check of the employment and criminal history of a masseur who sexually assaulted the plaintiff during a sports massage in the hotel gym. Id. at *5. The gym, which employed the masseur, argued that the claim against it should be dismissed because CHRIA prohibited it from checking the masseur's criminal history prior to hiring him. Id. at *6. The court determined that CHRIA was not implicated by the plaintiff's claim against the gym because "CHRIA does not shield an applicant's prior misconduct from an employer's hiring determination when the employer learns about the misconduct through a means *other* than the applicant's criminal record information file." Id. at *6 (citing Foxworth v. Pa. State Police, 228 F. App'x 151, 155 (3d Cir. 2007)). In Foxworth, the United States Court of Appeals for the Third Circuit found that an employer did not violate CHRIA when it advised an applicant to withdraw his job application because the applicant stated on the application that he had a prior conviction for theft from an employer that had been expunged from his criminal record. Foxworth, 228 F. App'x at 152-53, 155. The Third Circuit explained

5

that the applicant's criminal "case was expunged from his file, but the [employer] obtained its information from [the applicant] himself on the application, not from its criminal history background check, which came up clean." Id. at 155.

Plaintiff maintains that there is nothing in the plain language of CHRIA that limits its prohibition on the use of a criminal record information file to information obtained from a background check. Plaintiff relies on Guzzo v. Allen Distribution, 479 F. Supp. 3d 91 (M.D. Pa. 2020), in which the court held that CHRIA applies to prohibit the use of information regarding prior criminal convictions in hiring decisions regardless of how the employer learned of those convictions. Id. at 95 (explaining that "looking at the plain language of all three sections of § 9125, and reading them together, there is no reasonable basis upon which the statute can be construed to only apply to employers who receive information by particular means"). We disagree with the analysis of Guzzo because it appears to ignore CHRIA's definition of "criminal history record information" as information collected by criminal justice agencies and CHRIA's exclusion of some police and court information from that definition. See 18 Pa. Cons. Stat. Ann. §§ 9102, 9104. We are instead persuaded by the analyses conducted by the courts in Foxworth, Azadpour, and Court, which all determined that information obtained by an employer other than through "criminal history record information file[s]" is not subject to CHRIA's restrictions. See Foxworth, 228 F. App'x at 155; Azadpour, 2020 WL 564755, at *4; Court, 2017 WL 569522, at *6. We conclude, accordingly, an employer's use of information regarding an individual's criminal history that was volunteered by that individual while applying for a job is not prohibited by CHRIA.

Consequently, we find that the Complaint does not allege that Central Transport was "'in receipt' of [Plaintiff's] 'criminal history record information file'" when it made the decision not to hire Plaintiff based on information that he volunteered about his criminal history. Azadpour,

2020 WL 564755, at *4.  Since Central Transport learned of Plaintiff's "criminal history through means other than 'criminal history record information,'" id., CHRIA did not prohibit Central Transport from relying on that information and did not require Central Transport to inform Plaintiff, in writing, of its reliance on that information.  We conclude that the Complaint thus fails to allege a claim that Central Transport violated CHRIA upon which relief can be granted.

**IV.   CONCLUSION**

For the reasons stated above, we grant the Motion to Dismiss.  An order follows.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.